IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02679-BNB

DANIEL VIGIL,

     Plaintiff,

v.

EXECUTIVE DIRECTOR,
RAE TIMME,
FREDRIC GIFFORD,
MARY ANN ALDRICH,
LANCE MIKLICH,
VALARIE CRAIG,
KEN TOPLISS,
LEONARD VIGIL,
CODY McKIBBEN,
MARK SCHERER,
COLORADO DEPARTMENT OF CORRECTIONS, and
COLORADO TERRITORIAL CORRECTIONAL FACILITY,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Daniel Vigil, is a prisoner in the custody of the Colorado Department of

Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr.

Vigil has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983

claiming that his rights under the United States Constitution have been violated.  He

seeks damages as well as declaratory and injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Vigil is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Vigil will be ordered to file an amended complaint if he wishes to pursue his

claims in this action.

The court has reviewed the Prisoner Complaint and finds that it does not comply

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The

twin purposes of a complaint are to give the opposing parties fair notice of the basis for

the claims against them so that they may respond and to allow the court to conclude

that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet

these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp.

1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a)

provides that a complaint "must contain (1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy

of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be

simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or

unintelligible pleadings violate Rule 8.

Mr. Vigil fails to provide a short and plain statement of his claims showing he is

entitled to relief.  For one thing, Mr. Vigil fails to identify the specific constitutional claims

he is asserting.  As a result, it is not clear how many claims Mr. Vigil is asserting or what

constitutional rights he contends have been violated.  If Mr. Vigil intends to assert a

claim that he was denied due process in connection with his prison classification or a prison disciplinary conviction, he must identify those claims as due process claims. Likewise, Mr. Vigil must identify the specific constitutional source of every claim he is asserting. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Vigil also fails to link the specific claims he is asserting to the Defendants the claims are asserted against or to allege with specificity how each named Defendant personally participated in the asserted constitutional violations. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). As a result, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her

3

supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

For these reasons, Mr. Vigil will be ordered to file an amended complaint.  For each claim he asserts in the amended complaint, Mr. Vigil "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Accordingly, it is

ORDERED that Mr. Vigil file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Vigil shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Vigil fails to file an amended complaint that

complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 9, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge